UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DONALD G. GREER,

                Plaintiff,

v.

THE METROPOLITAN COUNCIL,
a public corporation and
political subdivision,

                Defendant,

and

AMALGAMATED TRANSIT UNION LOCAL 1005,

                Defendant

Case Number: _____

**COMPLAINT**

---

COMES NOW the above named plaintiff, Donald G. Greer, who states as and for his Complaint as follows:

**PRELIMINARY STATEMENT**

1. This is an employment case based upon unlawful discrimination of Plaintiff Donald G. Greer, in both promotion and benefits, arising out of his employment with Metro Transit owned and operated by defendant Metropolitan Council in Minnesota and his membership with the Amalgamated Transit Union Local 1005. Plaintiff Greer seeks damages and injunctive relief as allowable under the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Minnesota Human Rights Act, and the Uniformed Services Employment and Reemployment Rights Act of 1994.

1

## PARTIES

2. Plaintiff Donald G. Greer (Greer) is an individual who resides in the city of Savage, State of Minnesota, County of Scott and who is a disabled person.

3. Defendant Metropolitan Council (Met Council) is a public corporation and political subdivision of the state of Minnesota as set forth in Minnesota Statutes Section 473.123. The Met Council's central office is located in the city of St. Paul, State of Minnesota, County of Ramsey. Defendant Met Council owns and operates Metro Transit that provides bus service throughout the Twin Cities metropolitan area. Metro Transit's central office is located in Minneapolis, Minnesota.

4. Defendant Amalgamated Transit Union Local 1005 is an employment union with whom the Plaintiff is a fair share fee payer. The union's office is located in the city of Minneapolis, State of Minnesota, County of Hennepin.

## JURISDICTION and ADMINISTRATIVE EXHAUSTION

5. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331, federal question jurisdiction. Plaintiff has asserted claims for discrimination because of disability under the Americans with Disabilities Act of 1990, as amended, ("ADA") 42 U.S.C. Section 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.S.C. Section 790, *et seq.* ("RA"). Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about January 13, 2012 as a continuing action and has complied with all administrative requirements for his claims and received a notice of right to sue on February 21, 2012.

6. This Court also has jurisdiction pursuant to federal question jurisdiction because Plaintiff has also asserted a claim for discrimination because of his veteran's status under the

Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. Section 4301 *et seq.* ("USERRA"). Plaintiff filed a USERRA charge with the Veterans' Employment and Training Service ("VETS") and the United States Department of Labor ("DOL") on December 22, 2011, and he received a right to sue letter on January 5, 2012. Plaintiff referred the matter to the United States Department of Justice ("DOJ"), and received his right to sue letter April 30, 2012.

7. This Court has jurisdiction pursuant to 28 U.S.C. Section 1367, supplemental jurisdiction. Plaintiff has asserted a claim for discrimination because of disability under the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 *et seq*. Plaintiff's EEOC claim was cross-filed with the Minnesota Department of Human Rights ("MDHR"), and Plaintiff received a right to sue letter on February 21, 2012 from the EEOC. The facts for the state claim operate from the same case or controversy as the federal claims in this action.

## FACTS

8. Plaintiff began employment with Defendant Met Council, through subdivision Metro Transit, on February 11, 2002 as a bus operator at the South Garage in Minneapolis, Minnesota.

9. Plaintiff is a disabled individual who suffers from hearing deficit, partial deafness, and post traumatic stress disorder ("PTSD") arising from his service in the military during the Vietnam War. He has a disability rating of 60%, consisting of 10% for hearing and 50% for PTSD.

10. Plaintiff sought to advance in his position and opportunities with Metro Transit and set forth to apply for open job positions. Beginning in 2002, through July of 2004, Plaintiff applied for at least four positions within Metro Transit including Transit Control Center

3

Supervisor, Job No. 2002-009, Transit Control Center Supervisor, Job No. 290134, Electric Revenue Farebox Repair Technician, Job No. 290136, and Transit Control Center Supervisor, Job No. 290339. Plaintiff also applied, in July, 2008, for the position of Assistant Manager, Training.. Plaintiff was not promoted to any of these positions.

11. On October 25, 2011, Plaintiff applied for three Light Rail Transit Supervisor positions with Defendant Metropolitan Council. Three Transit Supervisor positions were to be filled from one applicant pool.

12. Plaintiff was qualified for the position of Rail Transit Supervisor and the position would have been a promotion for plaintiff. Plaintiff was asked by Defendant Metropolitan Council to complete a Supplemental Application; he complied. Plaintiff completed the application process through the Subject Matter Expert Review stage. Plaintiff was notified by Defendant Metropolitan Council that he was not selected for the position and that the hiring manager(s) had chosen to pursue other candidates to continue with the selection process who, upon information and belief, were not disabled.

13. Plaintiff identified himself on his application as a disabled veteran. Plaintiff requested reasonable accommodations and Defendant Metropolitan Council discriminated against him in the terms, condition, tenure, and privileges of employment and in promotional opportunities.

14. Plaintiff, after notification of denial of his application, requested from Human Resources an explanation or decision about his application and where his application may have been lacking. Although Defendant Metropolitan Council promised to respond, they did not respond to Plaintiff's request. Plaintiff believes this non-responsive conduct is a component of Defendant Metropolitan Council's deliberate discrimination.

15. Defendant Metropolitan Council engaged in a continuing pattern and practice of discrimination against Plaintiff because of his disabilities in its hiring, promotion, and advancement.

16. Upon information and belief, Plaintiff was not accorded the same consideration for his education and experience as were non-disabled candidates during his application process for jobs and promotional opportunities.

17. Upon information and belief, the subjective nature of parts of defendant's hiring process, including but not limited to scoring conditions, unfairly discriminated against Plaintiff because of his disabilities. Defendant Metropolitan Council used arbitrary and inconsistent application grading procedures which resulted in Plaintiff's discrimination.

18. Upon information and belief, the conditions for Plaintiff's testing and interviews for job positions he applied for failed to reasonably accommodate his disabilities. Upon information and belief, the failure to reasonably accommodate Plaintiff's disabilities caused or contributed to his lower scores in the application and hiring process than non-disabled candidates.

19. Defendant Metropolitan Council knew or should have known about Plaintiff's disabilities of hearing loss and PTSD at the time of his job application in 2011.

20. Plaintiff was discriminatorily denied opportunities for advancement, training, promotion, hiring, extra work opportunities, and additional compensation by Defendant Metropolitan Council because of his disabilities.

21. Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission on or about January 13, 2012, under Title I and II of the ADA as well as

Sections 503 and 504 of the Rehabilitation Act. Plaintiff received a Dismissal and Notice of Rights letter on February 21, 2012.

22. Plaintiff's charge with the EEOC was cross-filed with the Minnesota Department of Human Rights. The MDHR transferred the investigation to the EEOC and the EEOC result is considered adequate administrative due process for the MDHR.

23. Defendant Metropolitan Council is a program or activity receiving Federal financial assistance.

24. Defendant Metropolitan Council has previously or is currently involved in a contract with a Federal department or agency for the procurement of personal property or nonpersonal services for the United States in excess of $10,000.

25. Plaintiff, as an employee of Metro Transit and Metropolitan Council, is required to be a member of Defendant Amalgamated Transit Union Local 1005. Plaintiff is a fair share fee payer of Defendant Amalgamated Transit Union Local 1005.

26. Defendant Amalgamated Transit Union Local 1005 is responsible for negotiating a Collective Bargaining Agreement with Defendant Metropolitan Council for Metro Transit and Metropolitan Council drivers. The current agreement is effective August 1, 2010.

27. As part of an increase in compensation negotiated by Defendant Amalgamated Transit Union Local 1005, the current agreement added a provision that the employer would pay for all employees' health care premiums in lieu of an actual raise in wages, which was a modification from the prior Collective Bargaining Agreement, effective August 1, 2008 to July 31, 2010.

28. Upon information and belief, Defendants knew or should have known the existence of veterans within the employee population. Defendants also knew or should have known that these veterans did not receive healthcare through their employer, but through the Veteran's Administration.

29. The result of Defendants' bargaining was that any veteran who already receives his or her care from the Veteran's Administration would receive no raise at all.

30. Upon information and belief, the decision to deny veterans an additional raise was motivated by their status as veterans, specifically veterans who receive health care from other resources.

31. Plaintiff currently receives full health care from the Veteran's Administration due to his status as a disabled veteran.

32. Plaintiff is one of those employees who did not receive a raise at all.

33. Defendants, in bargaining for terms that discriminate against veterans, did not provide equal employment benefits to veterans.

## JURY DEMAND

34. Plaintiff hereby demands a trial by jury on any issues triable as a matter of right.

## CAUSES OF ACTION

## COUNT 1 – VIOLATION OF AMERICANS WITH DISABILITIES ACT – 42 U.S.C. SEC. 12111 *et seq.*

35. Plaintiff realleges paragraphs 1 through 34 and incorporates them herein. Defendant Metropolitan Council's conduct towards plaintiff described above violated the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. Section 12111 *et seq*, by discriminating against him because of his disability, or perceived disability, in his employment and in

the terms, conditions, and privileges of employment and failing to promote and hire Plaintiff, provide advancement opportunities, and failure to reasonably accommodate his disability in violation of 42 U.S.C. Section 12112. As a result, Plaintiff was injured and sustained damages in excess of $75,000.

## COUNT 2 – VIOLATION OF AMERICANS WITH DISABILITIES ACT – 42 U.S.C. SEC. 12131 *et seq.*

36. Plaintiff Metropolitan Council realleges paragraphs 1 through 35 and incorporates them herein. Defendant Metropolitan Council, as a public entity and on the basis of Plaintiff's disability, or perceived disability, violated the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. Section 12201 *et seq*, by discriminating against Plaintiff, and also violated the Act by excluding Plaintiff from participation in and denied Plaintiff the benefits of the services, programs, and activities of Defendant, a public entity, in violation of 42 U.S.C. Section 12132. As a result, Plaintiff was injured and sustained damages in excess of $75,000.

## COUNT 3 – VIOLATION OF REHABILITATION ACT OF 1973 – 29 U.S.C. SEC. 794 (a.k.a. Section 504)

37. Plaintiff realleges paragraphs 1 through 36 and incorporates them herein. Defendant Metropolitan Council violated 29 U.S.C. Section 794 by, based on Plaintiff's disability and qualification as a qualified individual with a disability, excluding him from participation in, denying him the benefits of, and subjecting him to discrimination under a program receiving Federal financial assistance.

## COUNT 4 – VIOLATION OF MINNESOTA HUMAN RIGHTS ACT – MINN. STAT. § 363A.01 *et seq.*

38. Plaintiff realleges paragraphs 1 through 37 and incorporates them herein. Defendant Metropolitan Council violated Minn. Stat. § 363A.08 subd. 2 by, based on Plaintiff's disability and qualification as a qualified individual with a disability, refusing to hire or maintain a system of employment which unreasonably excludes a person seeking employment and discriminating against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment.

39. Defendant Metropolitan's conduct was done willfully, wantonly, maliciously, and with deliberate disregard for the rights of plaintiff entitling him to punitive damages in excess of $75,000.

## COUNT 5 – VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT – 38 U.S.C. SECTION 4311 *et seq.*

40. Plaintiff realleges paragraphs 1 through 39 and incorporates them herein. Defendants Metropolitan Council and Amalgamated Transit Union Local 1005 violated 38 U.S.C. Section 4311 *et seq.* by, motivated by Plaintiff's status as a uniformed service veteran, refusing to promote Plaintiff in employment or provide benefits that do not discriminate against veterans with Veteran's Administration benefits.

41. Defendants' conduct was done willfully, wantonly, maliciously, and with deliberate disregard for the rights of plaintiff entitling him to punitive damages in excess of $75,000.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages in excess of $75,000 under Count II through V.

2. Injunctive relief in the form of promotion and/or reinstatement into a higher grade level position.

3. Punitive damages in excess of $75,000 under Count IV through V.

4. Damages in the form of lost wages, salary, employment benefits, or other compensation denied to Plaintiff by reason of the violation under Count II through V.

5. Any equitable relief the court deems appropriate, including front pay, under Count I through V.

6. Treble damages under Count IV.

7. Pre-judgment and judgment interest on all amounts awarded.

8. Attorney's fees and costs as allowable by law.

9. For such other and further relief as the court deems just and equitable.

Dated: May 15, 2012.

**TENTINGER LAW FIRM, P.A**

Jay A. Tentinger (#188232)
1380 Corporate Center Curve
Suite 318
Eagan, MN 55121
(651) 287-9815
(651) 287-9816-Fax
**ATTORNEY FOR PLAINTIFF**